# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DANIEL MORRILL )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>HEATHER SKOLFIELD, et al. )<br>)<br>Defendants ) | No. 1:18-cv-00169-JAW<br>No. 1:18-cv-00213-JAW |

## ORDER AFFIRMING RECOMMENDED DECISION

The Court affirms the recommended decision of the Magistrate Judge because the Plaintiff's claims against state officials are barred by the *Rooker-Feldman* doctrine, his § 1983 claims against an individual and her attorneys fail because they are not state actors, and his state tort claim against the individual who is a resident of the same state does not provide a basis for federal jurisdiction.

## I. BACKGROUND

### A. Daniel Morrill's Complaint

On April 26, 2018, Daniel Morrill filed a complaint under 42 U.S.C. § 1983 with this Court. *Compl.* (ECF No. 1). The Complaint attacked the legal basis for protection from abuse orders, which the state of Maine district court issued against him, imposing firearms and other restrictions. *Id.* Mr. Morrill named as Defendants Heather Skolfield, the person who obtained the orders, Janet Mills, the Attorney General for the state of Maine, John Morris, the Commissioner for the Department of Public Safety for the state of Maine, and Pine Tree Legal Assistance, Inc., which represented Ms. Skolfield during part of the proceedings leading to the issuance of

the protection from abuse orders. *Id.* In his Complaint, Mr. Morrill alleges (1) that the "credible threat" language in 19-A M.R.S. § 4007(1), which authorizes a court to issue a protective order, is unconstitutional, (2) that 19-A M.R.S. § 4007(1)(A-1), the provision of § 4007 that allows a court to prohibit a defendant from possessing a firearm, is also unconstitutional, (3) that 19-A M.R.S. § 4007(1)(D), the provision of § 4007 that allows a court to order a person not to have contact, either direct or indirect, with another person, is unconstitutional, (4) that 19-A M.R.S. § 4007(1)(M), the provision of § 4007 that empowers a court to issue "any other orders determined necessary or appropriate in the discretion of the court," is unconstitutional, (5) that Attorney General Mills and Commissioner Morris should be enjoined from enforcing these unconstitutional statutes, (6) that Pine Tree Legal Assistance should also be enjoined from acting on behalf of individuals to enforce these unconstitutional statutes, and (7) that Heather Skolfield be enjoined from proceeding against Mr. Morrill under these unconstitutional statutes and be required to pay Mr. Morrill certain damages.[1] *Id.* at 16-40.

---

[1] On May 29, 2018, Mr. Morrill filed a second complaint with essentially the same allegations. *Morrill v. Skolfield*, No. 1:18-cv-00213-JAW. On June 8, 2018, after filing the second Complaint under docket number 18-cv-213-JAW, Mr. Morrill filed a request for permission to dismiss the Complaint without prejudice. *Permission to File as Attached: Dismissal of Pl.'s Compl.* (ECF No. 10). Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). The Court interprets Mr. Morrill's June 8, 2018 request for permission as a notice of dismissal and as an opposing party has not served an answer, the Court deems the Complaint under 18-cv-213-JAW to be dismissed without prejudice. With the dismissal, the Court refers to the Complaint in 1:18-cv-00-169-JAW as the sole operative complaint in this matter.

With the dismissal of the Complaint in No. 1:18-cv-00213-JAW, Mr. Morrill's motions in that civil action are now moot and are dismissed. *Application to Proceed in District Court Without Prepaying Fees or Costs* (ECF No. 4); *Mot. to Combine Fed. Cases* (ECF No. 5); Ex Parte *Mot. for Permission to File Compl., TRO, & Mot. to Combine Cases Against Heather Skolfield* (ECF No. 6); Ex Parte *Mot. for Temporary Restraining Order Against All Defs.* (ECF No. 7).

### B. The Magistrate Judge's Recommended Decision

On May 31, 2018, the Magistrate Judge issued a recommended decision in which he recommended that the Court dismiss the Complaint and the ancillary motions. *Recommended Decision After Screening Compls. Pursuant to 28 U.S.C. § 1915(e)* at 13 (ECF No. 8) (*Recommended Decision*). The Magistrate Judge's recommendation arose from the Court's obligation to screen proceedings in which the plaintiff is proceeding in forma pauperis to determine whether the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Here, Mr. Morrill is proceeding in forma pauperis and the screening provisions of § 1915(e)(2)(B) apply. *Mot. for Leave to Proceed In Forma Pauperis* (ECF No. 4); *Order Granting Mot. for Leave to Proceed In Forma Pauperis* (ECF No. 7).

After setting forth the legal standards for the review under § 1915(e)(2)(B), the Magistrate Judge noted that Mr. Morrill is not permitted under the immunity provisions of the Eleventh Amendment to proceed in federal court against the state of Maine. *Recommended Decision* at 6 (citing *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009)). Regarding Mr. Morrill's official capacity claims against Attorney General Mills and Commissioner Morris, the Magistrate Judge commented that these claims are not barred by the Eleventh Amendment, but he concluded that they are barred for other reasons. *Id.* at 6-11. The Court concluded that Mr. Morrill's challenge to the state court's prohibition against the filing of litigation is barred by the so-called *Rooker-Feldman* doctrine, which limits a federal trial court's authority to review final orders issued by state courts. *Id.* at 8-9. As regards Mr. Morrill's Second Amendment claim, the Magistrate Judge was concerned about whether his

claim was justiciable, but if justiciable, the Magistrate Judge concluded that it suffered from the same *Rooker-Feldman* defect present in his claim about the filing restrictions. *Id.* at 10-11.

The Magistrate Judge turned to whether Mr. Morrill could maintain an action against Ms. Skolfield and Pine Tree Legal Assistance. *Id.* at 12-13. The Magistrate Judge concluded that the § 1983 part of the Complaint must be dismissed because neither Ms. Skolfield nor Pine Tree is a state actor. *Id.* at 12. As for the tort claim, because Mr. Morrill and Ms. Skolfield are residents of the same state, there is no diversity jurisdiction under 28 U.S.C. § 1332 and no basis for pendent jurisdiction. *Id.* at 12-13.

C.  **Daniel Morrill's Objections**

In his objection, Mr. Morrill dismissed the state of Maine as a Defendant. *Permission to File as Attached: Dismissal of Challenges and Counts; and Objections to the Magistrate's May 31st 2018 Decision* at 1 (ECF No. 9) (*Pl.'s Obj.*). He also agreed with the Magistrate Judge that the state of Maine "can make a prohibition for possession of firearms in a protective from abuse order, regardless of the domestic status of the parties." *Id.* at 1. Mr. Morrill therefore asked the Court to dismiss without prejudice "Constitutional Challenges I, II and III; with Counts I & II as it pertains to the Maine Attorney General and Maine Commissioner of Public Safety, Counts IV and V as it pertains to Pine Tree Legal Assistance, and Counts VII and VIII as it pertains to Heather Skolfield." *Id.* Mr. Morrill limits his objections to the Magistrate Judge's conclusions on the *Rooker-Feldman* doctrine and to his conclusion that neither Ms. Skolfield nor Pine Tree Assistance is a state actor. *Id.* at 2-8.

4

## II. DISCUSSION

### A. What Remains

Although not listed in counts, Mr. Morrill's Complaint contains the following constitutional challenges to various Maine statutes:

(1) A constitutional challenge to 19-A M.R.S. § 4007(1), which authorizes a state court to issue an order prohibiting the possession of a firearm for a person who represents a credible threat to the plaintiff;

(2) A constitutional challenge to 19-A M.R.S. § 4007(A-1), which authorizes a state court to issue an order prohibiting a defendant from possessing a firearm for the duration of the order;

(3) A second constitutional challenge to 19-A M.R.S. § 4007(1)(1-A);

(4) A constitutional challenge to 19-A M.R.S. § 4007(1)(D), which authorizes a state court to direct a defendant not to have any direct or indirect contact with the plaintiff; and

(5) A constitutional challenge to 19-A M.R.S. § 4007(1)(M), which allows a state court to enter any other orders determined necessary or appropriate in the discretion of the court.

Mr. Morrill's Complaint contains the following counts:

(1) Count I, Defendants state of Maine, Janet Mills, and John Morris: a Second Amendment challenge to 19-A M.R.S. § 4007(1), (1)(A-1), (1-A) as "unconstitutional outside the classifications of intimate partner" and "family or household members;"

(2) Count II, Defendants state of Maine, Janet Mills and John Morris: a First and Fourteenth Amendment challenge to 19-A M.R.S. § 4007(1) as unconstitutional in its use of the phrase "credible threat;"

(3) Count III, Defendants state of Maine, Janet Mills and John Morris: a First and Fourteenth Amendment challenge to 19-A M.R.S. § 4007(1)(D), the no-contact provision, (M), the other order provision, as unconstitutional in that they violate the First Amendment right to petition and seek grievance from a court;

(4) Count IV, Defendant Pine Tree Legal Assistance, Inc., a Second Amendment challenge to Pine Tree's role in obtaining an order prohibiting Mr. Morrill from possessing a firearm, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1), 4007(1)(A-1), and 4007(1-A);

(5) Count V, Defendant Pine Tree Legal Assistance, Inc., a First and Fourteenth Amendment challenge to Pine Tree's role in obtaining an order prohibiting Mr. Morrill from possessing a firearm, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1), 4007(1)(A-1), and 4007(1-A);

(6) Count VI, Defendant Pine Tree Legal Assistance, Inc., a First and Fourteenth Amendment challenge to Pine Tree's role in obtaining an order prohibiting Mr. Morrill from filing suit in state court without prior

approval, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1)(D), (1)(M);

(7) Count VII, Defendant Helen Skolfield, a Second Amendment challenge to Ms. Skolfield's role in obtaining an order prohibiting Mr. Morrill from possessing a firearm, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1), (1)(A-1), and (1-A);

(8) Count VIII, Defendant Helen Skolfield, a First and Fourteen Amendment challenge to Ms. Skolfield's role in obtaining a protection from abuse order, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1) and 4002(4);

(9) Count IX, Defendant Helen Skolfield, a First and Fourteenth Amendment challenge to Ms. Skolfield's role in obtaining an order prohibiting Mr. Morrill from filing suit in state court without prior approval, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1)(D), (1)(M); and

(10) Count X, Defendant Helen Skolfield, a state tort claim for alleged fraudulent misrepresentation based on allegedly false representations to the Maine District Court on January 14, 2013.

In his objection, as earlier noted, Mr. Morrill wrote the following: "I HEREBY DISMISS the party 'State of Maine' from this complaint." *Pl.'s Obj.* at 1. In accordance with Mr. Morrill's request, the Court will dismiss the state of Maine as a party Defendant.

Next, Mr. Morrill wrote:

> I HEREBY DISMISS WITHOUT PREJUDICE in the complaint as follows . . . Constitutional Challenges I, II, and III; with Counts I & II as it pertains to the Maine Attorney General and Maine Commissioner of Public Safety, Counts IV & V as it pertains to Pine Tree Legal Assistance, and Counts VII & VIII as it pertains to Heather Skolfield.

*Id.* In accordance with Mr. Morrill's request, the Court will dismiss without prejudice each of the Counts and parties.

Specifically, the Court dismisses the following Counts and parties:

(1) Count I, Defendants state of Maine, Janet Mills, and John Morris: a Second Amendment challenge to 19-A M.R.S. § 4007(1), (1)(A-1), (1-A) as "unconstitutional outside the classifications of intimate partner" and "family or household members;" and

(2) Count II, Defendants state of Maine, Janet Mills and John Morris: a First and Fourteenth Amendment challenge to 19-A M.R.S. § 4007(1) as unconstitutional in its use of the phrase "credible threat."

(3) Count IV, Defendant Pine Tree Legal Assistance, Inc., a Second Amendment challenge to Pine Tree's role in obtaining an order prohibiting Mr. Morrill from possessing a firearm, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1), 4007(1)(A-1), and 4007(1-A);

(4) Count V, Defendant Pine Tree Legal Assistance, Inc., a First and Fourteenth Amendment challenge to Pine Tree's role in obtaining an order prohibiting Mr. Morrill from possessing a firearm, based on

8

allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1), 4007(1)(A-1), and 4007(1-A);

(5) Count VII, Defendant Helen Skolfield, a Second Amendment challenge to Ms. Skolfield's role in obtaining an order prohibiting Mr. Morrill from possessing a firearm, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1), (1)(A-1), and (1-A); and,

(6) Count VIII, Defendant Helen Skolfield, a First and Fourteen Amendment challenge to Ms. Skolfield's role in obtaining a protection from abuse order, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1) and 4002(4).

The following Counts and parties remain[2]:

(1) Count III, Defendants Janet Mills and John Morris: a First and Fourteenth Amendment challenge to 19-A M.R.S. § 4007(1)(D), the no-contact provision, (M), the other order provision, as unconstitutional in

---

[2] It is not entirely clear what Mr. Morrill wants to proceed with and what he wants dismissed. The Court has interpreted his dismissal requests as narrowly as possible so as to reach the issues that Mr. Morrill clearly wishes preserved. Mr. Morrill's pleading is unconventional. Mr. Morrill asserts five "constitutional challenges" not anchored to specific counts. Yet, his five "constitutional challenges" make allegations interwoven with the allegations in many of his Counts in the Complaint. Mr. Morrill appears to have pleaded some of the same claims redundantly in order to cover all his bases.

The Court focuses on the Counts rather than the "constitutional challenges" because with few exceptions, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), constitutional challenges require a statutory cause of action. That cause of action is frequently 42 U.S.C. § 1983, which Mr. Morrill pleads in the Counts but not in the "constitutional challenges" of his Complaint. Despite the substantive overlap, the Court adopts an interpretation favorable to Mr. Morrill and keeps the "constitutional challenges" separate from the Counts when interpreting his requests to dismiss aspects of his Complaint. Accordingly, even though Mr. Morrill requested that the Court dismiss Constitutional Challenge III, the Court does not interpret this as a request to dismiss Count III.

that they violate the First Amendment right to petition and seek grievance from a court;

(2) Count VI, Defendant Pine Tree Legal Assistance, Inc., a First and Fourteenth Amendment challenge to Pine Tree's role in obtaining an order prohibiting Mr. Morrill from filing suit in state court without prior approval, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1)(D), (1)(M);

(3) Count IX, Defendant Helen Skolfield, a First and Fourteenth Amendment challenge to Ms. Skolfield's role in obtaining an order prohibiting Mr. Morrill from filing suit in state court without prior approval, based on allegedly unconstitutional statutes, 19-A M.R.S. § 4007(1)(D), (1)(M); and

(4) Count X, Defendant Helen Skolfield, a state tort claim for alleged fraudulent misrepresentation based on allegedly false representations to the Maine District Court on January 14, 2013.

### B. State Action

In his objection, Mr. Morrill presses the notion that Ms. Skolfield and Pine Tree Legal Assistance are state actors. *Pl.'s Obj.* at 6-7. Mr. Morrill provided no authority for the proposition that a private citizen like Ms. Skolfield becomes a state actor when she uses the legal services of a § 501(c)(3) tax-exempt organization to access the state courts in a private dispute. The Court is aware of no such authority and doubts it exists.

As regards Pine Tree Legal Assistance, there is some authority for holding that the activities of a tax-exempt organization may constitute "state action," but those cases distinguish between claims of racial discrimination and other claims. As the Second Circuit wrote in *Jackson v. Statler Foundation,* 496 F.2d 623 (2d Cir. 1973),

> [T]hese cases divide into two groups: Where racial discrimination is involved the court have found "state action" to exist; where other constitutional claims are at issue (due process, freedom of speech), the courts have generally concluded that no "state action" has occurred.

*Id.* at 627. Here, Mr. Morrill is not claiming that either Ms. Skolfield or Pine Tree Legal Assistance were motivated by racial bias.

Mr. Morrill cites *Kam Shing Chan v. City of New York*, 803 F. Supp. 710 (S.D.N.Y. 1992) for the proposition that a private actor, including a tax-exempt entity, can in certain circumstances be considered liable state actors. *Pl.'s Obj.* at 6. The *Chan* Court describes two tests, the symbiotic relationship test and the close nexus test, to determine whether "[p]rivate action is transformed into state action." *Chan*, 803 F. Supp. at 718-19. To meet the symbiotic relationship test, the state must have "so far insinuated itself into a position of interdependence with [the private party] that it must be recognized as a joint participant in the challenged activity." *Id.* at 718 (modifications in original). To meet the close nexus test, a plaintiff must demonstrate the nexus between the state and the challenged action is so close that the private party's actions "may be fairly treated as that of the State itself." *Id.* at 719 (quoting *Hadges v. Yonkers Racing Corp.*, 918 F.2d 1079, 1081 (2nd Cir. 1990) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

In *González-Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244 (1st Cir. 2012), the First Circuit wrote that "[u]nder limited circumstances, conduct by nominally private actors can be characterized as governmental action for constitutional purposes, *e.g.*, *Marsh v. Alabama*, 326 U.S. 501 (1946) (company town), although the conditions delineated in a number of Supreme Court decisions over many years are not easily reduced to a single formula." *Id.* at 247. The First Circuit listed three principle categories:

> -where a private entity exercises "powers traditionally exclusively reserved" to the government, *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974);
>
> -where there is a "sufficiently close nexus" between the challenged activity and government regulation or support such that "it can be said that the [government] is <u>responsible</u> for the specific conduct of which the plaintiff complains," *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (quoting *Jackson*, 419 U.S. at 351); and
>
> -where government actors possess such influence over a nominally private entity that there exists "public entwinement in the management and control" of the entity, *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 297 (2001)).

*Id.* at 247-48.

None of these circumstances applies to Ms. Skolfield or Pine Tree Legal Association. In going to court and obtaining a court order, neither Ms. Skolfield nor Pine Tree Legal Association exercised a power traditionally reserved to the courts. The courts exercise their own power. Nor can it be said that there is a sufficiently close nexus between Ms. Skolfield and Pine Tree Legal Association's actions in seeking a court order and the courts' decisions to issue orders so that the judicial orders can be said to be the action of the litigant or her counsel. The courts are, of

course, independent and their orders, even if in favor of a party, do not make the advocate of the order its issuer for purposes of state action. Finally, there is no indication that state courts managed and controlled Ms. Skolfield and Pine Tree Legal Association so as to turn them into state actors.

The Court overrules Mr. Morrill's state action objection and dismisses Counts VI and IX against Pine Tree Legal Associates, Inc. and Helen Skolfield respectively.[3]

### C. The *Rooker-Feldman* Doctrine

> The *Rooker-Feldman* doctrine largely bars the federal district court from reviewing state court judgments. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

*Marcello v. Maine*, No. CV-06-68-B-W, 2007 U.S. Dist. LEXIS 49756, at *3-4 (D. Me. July 9, 2007). The First Circuit has instructed that the doctrine "forecloses district court jurisdiction of claims that are 'inextricably intertwined' with the claims adjudicated in a state court." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999) (quoting *Feldman*, 460 U.S. at 483 n.16); *see Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 44 n.1 (1st Cir. 2003) (reiterating that *Rooker-Feldman* "implicates the court's subject matter jurisdiction"). "A federal claim is inextricably intertwined with

---

[3] Although Mr. Morrill objects to the Magistrate Judge's conclusion that the state law claim may not proceed against Ms. Skolfield because the Court lacks diversity jurisdiction and the Court no longer has original jurisdiction over Ms. Skolfield, he presents no argument on the issue. *Pl.'s Obj.* at 1-8. The Court affirms the Magistrate Judge's recommended decision on this issue and dismisses Ms. Skolfield as a party defendant from the lawsuit.

13

the state-court claims if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Sheehan v. Marr*, 207 F.3d 35, 40 (1st Cir. 2000) (internal quotation omitted).

In addition, a "[f]ederal court's application of the *Rooker-Feldman* doctrine 'does not depend on what issues were actually litigated in the state court.'" *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (quoting *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 33 (1st Cir. 2004)).

Mr. Morrill's Complaint is framed as a direct challenge to the state court orders that restrict his right to bear firearms, that prohibit his ability to file actions in state court without prior court approval, and that extended the protective order for ten years. The detailed allegations in the Complaint exhaustively describe the six years of litigation between Ms. Skolfield and Mr. Morrill, ending with the March 6, 2018 order by the Maine Supreme Judicial Court. *Compl.* ¶¶ 9-63. Put another way, it is questionable whether Mr. Morrill would have filed this federal Complaint unless the state courts had not ruled against him and therefore his injuries were "caused by state-court judgments rendered before the district court proceedings commenced" and he is "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Nevertheless, Mr. Morrill contends that he fits within an exception to the *Rooker-Feldman*[4] doctrine that allows him to maintain this federal action. *Pl.'s Obj.*

---

[4] The *Rooker-Feldman* doctrine draws its name from two United States Supreme Court cases, *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

14

at 2-3. Mr. Morrill quotes a Tenth Circuit case, *Campbell v. City of Spencer*, 682 F.3d 1278 (10th Cir. 2012), for the proposition that "[w]hen the state-court judgment is not itself at issue, the *Rooker-Feldman* doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action." *Pl.'s Obj.* at 3 (quoting *Campbell*, 682 F.3d at 1281 (omitting modifications)) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006)). Mr. Morrill cites a Sixth Circuit case, *Evans v. Cordray*, 424 Fed. Appx. 537 (6th Cir. 2011).

Mr. Morrill argues that in his federal lawsuit, he is complaining not about the state court orders, but about the constitutionality of certain Maine statutes. *Id.* at 3. Even though each of the challenged statutes formed the predicate for the state court orders against Mr. Morrill, he is seeking declaratory and injunctive relief in his constitutional challenge, and he maintains that these prospective claims do not generally raise *Rooker-Feldman* issues. Mr. Morrill is correct insofar as he goes. In 2004, the First Circuit explained that "a general attack on a state law or regulation is not precluded by a prior judgment applying such a law or rule to the federal plaintiff." *Maymo-Melendez*, 364 F.3d at 34; *Berry v. Schmitt*, 688 F.3d 290, 300 (6th Cir. 2012). The "exception does not apply, however, if the relief sought in federal court is directed to undoing the prior state judgment." *Maymo-Melendez*, 364 F.3d at 34.

The only claim remaining is Count III in which Mr. Morrill is bringing a First and Fourteenth Amendment challenge to the prohibition against initiating any legal

15

actions against Ms. Skolfield without court permission. The order was made under 19-A M.R.S. § 4007(1)(D), the no-contact provision, or (M), the other order provision, which Mr. Morrill claims violate the First Amendment right to petition and seek grievance from a court. Here, if Mr. Morrill were successful in having these state statutes declared unconstitutional and if this Court issued an injunction forbidding enforcement of the statutes, the statutes upon which these orders were based would be effectively undermined. But that does not necessarily mean that Count III is barred.

Marc Feldman applied for admission to the District of Columbia bar. *Feldman*, 460 U.S. at 464-66. He was a practicing attorney in another jurisdiction but did not graduate from an accredited law school, as required by the D.C. bar Rule 46I(b)(3). *Id.* He sought a waiver of that rule, and when the admission committee denied a waiver, he filed a federal lawsuit challenging the D.C. court's decision to affirm the admissions committee's denial. *Id.* The Supreme Court held that his claims were barred "to the extent [he] sought review in District Court of the [D.C. court's] denial of [his] petition[ ] for waiver," *id.* at 483, but the Supreme Court held that the district court did have jurisdiction to hear the "general challenge to the constitutionality" of Rule 46I(b)(3). *Id.* at 486. The *Feldman* Court remanded the matter to the district court for consideration of res judicata or the merits of Feldman's general challenge. *Id.* at 487-88.

"The Court carefully distinguished between 'general challenges to state bar rules . . .'—for which there is jurisdiction in the lower federal courts—and 'challenges

to state-court decisions in particular cases arising out of judicial proceedings,'—for which there is not." *Schneider v. Colegio de Abogados de Puerto Rico*, 917 F.2d 620, 628 (1st Cir. 1990) (internal citations omitted). Therefore, "[t]he Rooker-Feldman doctrine does not bar a party from challenging the constitutionality of a state statute on its face." *Edwards v. City of Manchester*, 121 F.3d 695, 1997 WL 446785 at *2, 1997 U.S. App. LEXIS 20770 at *7-8 (1st Cir. 1997) (unpublished) (citing *Schneider*, 917 F.2d at 628); see also *Hall v. Callahan*, 727 F.3d 450, 454-57 (6th Cir. 2013) (distinguishing between as-applied challenge, which was barred, and facial challenge, which was not). Successful facial challenges to a statute or rule might have the ultimate effect of undermining future enforcement of state courts' prior applications of that rule, but that does not deprive the federal district courts of jurisdiction:

> [Feldman's] success in the permitted challenge to the rule would establish that the denial of the waiver had been improper, and would likely lead to a later successful request for a waiver, thereby relieving the plaintiffs of some of the harm caused by the 'judgment' denying a waiver. Thus, the *Rooker–Feldman* doctrine does not bar an action just because it seeks relief inconsistent with, or even ameliorative of, a state-court judgment.

*Campbell*, 682 F.3d at 1282; see also *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

Because Mr. Morrill claims the statutes under which the State Court issued the protective order, 19-A M.R.S. § 4007(1)(D), (M), "are unconstitutional," Compl. ¶ 138, the Court construes his claim as an attack on the provisions in general or on their face, rather than a challenge seeking reversal of the state court's order applying those provisions to the specific facts of his case. Accordingly, on this narrow ground, the Court concludes that the *Rooker-Feldman* doctrine does not bar Count III. By the

17

same token, to the extent the Court misinterpreted Mr. Morrill's claim and he in fact is attempting to challenge the state court decisions, his claim is barred under the *Rooker-Feldman* doctrine.

### D. The First Amendment and 19-A M.R.S. § 4007(1)(D), (M)

Even though Count III survives the *Rooker-Feldman* bar, the Court concludes that Mr. Morrill still fails to state a claim upon which relief may be granted, for the reasons the Magistrate Judge explained:

> If the Court had jurisdiction, Plaintiff's First Amendment challenge would fail on the pleading. It is well established that courts have "powers to regulate the conduct of abusive litigants," provided that "the restrictions imposed [are] tailored to the specific circumstances presented" and the litigant receives "notice that filing restrictions were contemplated" and "an opportunity to respond before the restrictive filing order was entered." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 – 35 (1st Cir. 1993). The filing restriction Plaintiff challenges is narrowly tailored to restrict litigation instituted by Plaintiff against Defendant Skolfield. Given the circumstances alleged in the complaint and as reflected in the documents attached to the complaint, Plaintiff has failed to state an actionable claim for the violation of his rights under the First Amendment Petition Clause.

*Recommended Decision* at 9 n.6. Mr. Morrill cites no authority suggesting that the First and Fourteenth Amendments prohibit state courts from issuing the same narrowly tailored filing restrictions that federal courts issue.

Subsections D and M only authorize remedies after the state court finds that an individual committed abuse or conduct described in § 4005, which in turn refers to Maine's stalking statute, 17-A M.R.S. § 210-A. The Court has found no authority supporting Ms. Morrill's argument that the First Amendment prevents state courts from restricting the ability of individuals to file lawsuits without permission against those they have harassed or stalked. *See Nebraska Press Ass'n v. Stuart*, 427 U.S.

539, 590 (1976) ("[T]he (First Amendment) protection even as to prior restraint is not absolutely unlimited") (quoting *Near v. State of Minnesota ex rel. Olson*, 283 U.S. 697, 716 (1931); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("The district court entered an order requiring leave of court before the plaintiffs filed any further complaints. This requirement is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the first amendment") (citing *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam); *In re Green*, 669 F.2d 779, 785-86 (D.C. Cir.1981) (per curiam)).[5]

Accordingly, Count III fails to state a claim upon which relief may be granted.

### III. CONCLUSION

In accordance with Daniel Morrill's request, the Court DISMISSES without prejudice his Complaint under docket number 18-cv-00213-JAW pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

In accordance with Daniel Morrill's request, the Court DISMISSES without prejudice Defendant state of Maine as a party to this Complaint.

In accordance with Daniel Morrill's request the Court DISMISSES without prejudice Counts I, II, IV, V, VII and VIII.

---

[5] The First Circuit requires that a federal district court provide a warning and opportunity to be heard before issuing a filing restriction, and the order must be narrowly tailored to address the nature of the improper conduct. *Cok*, 985 F.2d at 34-36. It is not clear whether either or both of these requirements are constitutionally necessary or whether they are based on prudential considerations. From the limited information Mr. Morrill provided the Court in his complaint and attached exhibits, the state court appears to have met these requirements. The Court need not investigate the matter because Mr. Morrill can only proceed with his challenge to the statute on its face, not as applied to his specific facts.

19

As regards Mr. Morrill's Complaint under docket number 1:18-cv-00169-JAW, having performed a de novo review, the Court AFFIRMS the Magistrate Judge's recommended decision (ECF No. 8) and OVERRULES Daniel Morrill's objections (ECF No. 9) for the reasons set forth in the Magistrate Judge's recommended decision and in this order. The Court DISMISSES the Complaint.

The Court also DISMISSES as moot Mr. Morrill's *Ex Parte* Motion for Permission to File Complaint & TRO Against Defendant Heather Skolfield (ECF No. 5), and his *Ex Parte* Motion for Temporary Restraining Order Against All Defendants (ECF No. 6), for leave to file complaints, his motion for temporary restraining order, and his motion to combine federal cases. The Court ORDERS judgment to issue in favor of the Defendants and against the Plaintiff.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2018